# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SHAWNTIA SMITH,** on behalf of herself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) **No.** 22-cv- |
| Plaintiff, | ) ) **Hon.** ) **District Court Judge** ) |
| v. | ) Hon. ) Magistrate Judge |
| **U.S. RENAL CARE, INC., A TEXAS CORPORATION** | ) ) ) ***JURY DEMAND*** |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, **SHAWNTIA SMITH,** on behalf of herself and all other Plaintiffs similarly situated, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for her Complaint against Defendant, **U.S. RENAL CARE, INC.,** ("Defendant") states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.* Plaintiff also asserts a claim under the retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.

3. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendant was or is engaged in business in this district.

4. Jurisdiction also arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiff is a citizen of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. Defendant USRC, domiciled in Texas, is a citizen thereof for purposes of diversity jurisdiction.

5. Defendant USRC is incorporated in Texas, transacted business in Texas, and maintains its headquarters and principal place of business in Plano, Texas.

6. As such, all Parties are citizens of, domiciled and otherwise live in different states.

7. Additionally, the amount of money in controversy exceeds $75,000, exclusive of interest and costs.

### III. THE PARTIES

8. Defendant, **U.S. RENAL CARE, INC.** (hereinafter "USRC") provides dialysis services and treatments for patients. USRC's facility is located at 112 West 87th St., Chicago, Illinois.

9. USRC maintains its corporate headquarters at 5851 Legacy Circle, Plano, Texas.

10. Defendant USRC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203.

11. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

12. Plaintiff, **SHAWNTIA SMITH** (hereinafter referred to as "the named Plaintiff"), was employed as an hourly "dialysis technician" from April 2020 to approximately September 2021, and performed duties associated with providing and assisting patients with dialysis treatment.

13. Plaintiff worked hours in excess of forty (40) in a workweek, including work that was not recorded or accounted for by Defendant's time keeping system (hereinafter referenced as "work off the clock") and, in work weeks in which she worked in excess of forty hours including the work off the clock, was denied time and one-half compensation for all such hours.

14. Additionally, Plaintiff alleges that Defendant's management employees, altered and reduced the electronic timesheets of Plaintiff and members of the Plaintiff Class, including other dialysis technicians, nurses and front office staff, which resulted in non-payment of earned wages and overtime wages, in order to avoid the obligations imposed by the federal and state laws referenced herein.

15. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were paid hourly wages and also performed work off the clock as described above and also were denied pay at time and one-half compensation.

16. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under the Fair Labor Standards Act**

17. Pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of

herself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, *§260.*

### Illinois Minimum Wage Law

18. Pursuant to the Illinois Minimum Wage Law (IMWL), 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

19. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover compensation and wages that were earned but not paid by Defendant, by which Plaintiff and Defendant had agreed would be paid, on or before ten (10) years prior to the date of filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

20. Plaintiff, at all times pertinent to the cause of action, was employed by Defendant.

21. Plaintiff's employment as a dialysis technician was integral and indispensable to Defendant's dialysis treatment business. Without dialysis technicians like Plaintiff, Defendant's dialysis treatment business could not operate.

22. At the start of Plaintiff's employment, Plaintiff and Defendant agreed that Plaintiff would be paid her hourly rate (or a pro-rata amount for partial hours worked) for all hours worked for Defendant.

23. During the interview process and hiring stage prior to the first day of employment, Plaintiff entered into a verbal agreement with Defendant that Plaintiff would be paid for all hours they worked and performed their assigned duties.

24. Plaintiff's offer letters, training documents and other employment documents received by Plaintiff from Defendant at the commencement of employment further solidified the Parties' agreement that Plaintiff would be paid for all hours worked and time spent performing assigned duties, including pro-rata wages for partial hours.

25. Plaintiff was employed by Defendant as a dialysis technician from approximately April 2020 to approximately September 2021.

26. In approximately September 2021, Plaintiff at which time she transitioned to an office staff position as a Unit Clerk. Plaintiff worked as a Unit Clerk until her separation from Defendant's employ in June 2022.

27. As a dialysis technician, Plaintiff typically worked at least 5 days per week. Plaintiff often worked 12-hour days such that she worked up to 60 hours per week on a regular basis.

28. Plaintiff's weekly schedule and the start and end times of each shift varied.

29. Plaintiff's job duties as a dialysis technician included performing tasks associated with administering dialysis treatment to patients, such as:

    a) ensuring treatment was administered properly;

    b) monitoring patient's vital signs;

    c) conduct a treatment assessment approximately every 30 minutes;

    d)    administer and conduct treatment consistent with doctor instruction; and

    e)    other general patient care.

30. Upon Plaintiff's transition to Unit Clerk, her work hours remained mostly the same.

31. Plaintiff's job duties as a Unit Clerk included:

    a)    checking in customers at reception'

    b)    answering telephone calls;

    c)    providing customer service to patients;

    d)    ensuring patient paperwork was completed; and

    e)    other office duties as assigned by Defendant's management employees.

32. Plaintiff's pay when working as a dialysis tech was $22.50 per hour, and when working as a Unit Clerk increased to $23.25 per hour.

33. During the course of her employment, Plaintiff was required to clock in and out for all shifts. Plaintiff always clocked in and out of her shifts in accordance with Defendant's policies.

34. During the course of Plaintiff's employment, she experienced routine reduction of clocked work hours. On a regular basis, Defendant's management employees would use their administrative software privileges to alter, and reduce, clocked work hours from what was contemporaneously recorded by Plaintiff.

35. Plaintiff's manager, Angela, would routinely log into Defendant's payroll system and make downward adjustments to Plaintiff's work hours. Plaintiff was advised Defendant, through their management employees, including Angela, that Defendant would only pay overtime wages that it felt were "appropriate" – rather than pay overtime premiums for all hours worked over 40 in individual workweeks as required by federal and state law.

36. As a result of this widespread practice implemented by Defendant, Plaintiff did not receive her full compensation of both regular and overtime hours worked.

37. Additionally, Defendant instituted a 30-minute automatic deduction for meal breaks. Defendant carried out this policy by manually altering the clock in and out times for meal breaks.

38. During these unpaid meal breaks Plaintiff and members of the Plaintiff class routinely performed work, again to the benefit of the employer, without pay for that time.

39. Oftentimes, due to facility volume and patient care, Plaintiff was rarely able to take a complete uninterrupted meal break during which Plaintiff was fully relieved from her duties. Instead, Plaintiff attempted to eat while in between patient care and other responsibilities.

40. In instances where Plaintiff was unable to take a meal break due patient needs and worked during that time (and did not clock out for a meal break), 30-minutes would be deducted after the fact from those shifts by Defendant. Defendant, through their management employees, would alter Plaintiff's times entries to reflect in and out times for meal breaks that equaled exactly 30-minutes. These 30-minute meal break deductions would be executed by Defendant's management employees through the administrative functions of Defendant's payroll system.

41. Plaintiff was either unable to attempt a meal break at all because she was busy with patients and never left her work station or, in the event Plaintiff attempted to take a meal break, Plaintiff was interrupted my Defendant's management staff and ordered to return to work.

42. Even though Plaintiff was required to work through meal breaks, Defendant, through manual payroll system adjustments, deducted 30 minutes per shift for a meal break.

43. As such, Defendant regularly deducted working time from Plaintiff's pay such that Plaintiff was not compensated for all earned wages for work suffered on behalf Defendant for

Defendant's benefit as agreed upon by the Parties over the course of the interview, hiring and onboarding process and as stated in Defendant's training documents.

44. In most instances, the work off the clock as described above should have been compensated at time and one-half the workers' regular hourly rate because if the unpaid time was properly treated as compensable, Plaintiff and other members of the Plaintiff Class would have recorded over 40 hours in particular workweeks. In other limited instances, the unpaid time should have compensated at the workers' regular hourly rates.

45. Defendant's common policy of deducting work time for certain overtime hours and meal breaks worked deprived Plaintiff and putative class members earned regular and overtime wages.

46. On numerous occasions over the course of their employments with Defendant, Plaintiff notified Defendant, through their management employees, about not receiving wages for the manual downward adjustments made by Defendant for certain overtime and meal break hours. Defendant did not take any action to remedy the issue.

47. Upon information and belief, Plaintiff understood that all of Defendant's hourly employees were paid in the same or similar fashion as described above and were also denied wages, including overtime premiums, for off the clock work, including clocked overtime hours and meal breaks, and did not receive all regular and overtime wages due to them because of Defendant's common practice of manually reducing clocked work hours through the administrative functions of its payroll system.

48. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for all hours pursuant to the requirements of the federal and state law.

49. This work performed by Plaintiff and members of the Plaintiff Class was work off the clock to the benefit of the employer without pay, in violation of the requirements of the federal and state statutes herein relied upon.

50. The total amount of hours worked off the clock by Plaintiff and members of the Plaintiff Class, and therefore the total number of regular and or overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found in Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

51. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who worked as dialysis technicians and in the admin department, as well as nurses, who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

52. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings pursuant to either the FLSA or the Federal Rules of Civil Procedure 23, and afforded opportunity to join their claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-52.   Paragraphs 1 through 52 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 52 of this Count I.

53.   Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

54.   Defendant was and is an "employer" pursuant to 29 U.S.C. §203(d).

55.   Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

56.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

57.   Defendant has at all times relevant hereto failed and refused to pay compensation to their workers/employees, including Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)   back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)   prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

such additional relief as the Court deems appropriate under the circumstances.

## **COUNT II**

## **WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT**

1-57. Paragraphs 1 through 57 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of Count II.

58. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

59. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d) and such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-59.    Paragraphs 1 through 59 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of Count III.

60.    In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

61.    Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-61. Paragraphs 1 through 61 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 61 of this Count IV.

62. Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

63. Defendant was and is an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

64. Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4(a).

65. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*.

66. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

67. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-67. Paragraphs 1 through 67 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 67 of this Count IV.

68. Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

69. Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

70. Defendant was and is an "employer" under the IWPCA, 820 ILCS § 115/2.

71. During the employment of Plaintiff, and members of the Plaintiff Class, Defendant systemically and improperly deducted money from the pay of Plaintiff and members of the Plaintiff Class where the Parties had previously agreed during the interview, hiring and onboarding process that any and all time worked by Plaintiff would be paid.

72. Defendant's common practice of executing manual, downward adjustments to clocked overtime hours and deducting meal breaks from the pay of employees were in violation of the IWPCA.

73. Plaintiff, and members of the Plaintiff class, as employees, were entitled to be paid their earned wages for work performed for the exclusive benefit of the employer.

74. Defendant failed to tender Plaintiff, and members of the Plaintiff Class, their earned compensation in accordance with the Act.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendant to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 10/31/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.